UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv289
3:06cr363

| | |
|---|---|
| GERALD A. WHEELER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed June 29, 2010.

## PROCEDURAL HISTORY

On September 28, 2006, Petitioner was named in four counts of a nineteen count Superceding Bill of Indictment. (Crim. Case No. 3:06cr363: Doc. No. 39.) Count One charged Petitioner with conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Count Five charged Petitioner with possession of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(b) and 18 U.S.C. § 2. Count Six charged Petitioner with knowingly using and carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Count Seven charged Petitioner with having been previously convicted of one or more crimes punishable by imprisonment for a term exceeding one year and knowingly possessing firearms affecting commerce in violation of 18 U.S.C. § 922(g). On April 3, 2007, the parties filed a plea agreement with this Court. (Crim. Case No. 3:06cr363: Doc.

No. 66.) On April 17, 2007, pursuant to the terms of the plea agreement, Petitioner entered a guilty plea at his Rule 11 hearing to Counts One, Six, and Seven. (Crim. Case No. 3:06cr363: Doc. No. 69.) On February 28, 2008, this Court sentenced Petitioner to 120 months' imprisonment on Count One with 60 months' consecutive on Count Six, and 70 months' concurrent on Count Seven. (Crim. Case No. 3:06cr363: Doc. No. 115.) The Court entered Judgment on March 13, 2008. (Crim. Case No. 3:06cr363: Doc. No. 108.)

On March 6, 2008, Petitioner filed a Notice of Appeal. (Crim. Case No. 3:06cr363: Doc. No. 104.) Petitioner's appellate counsel filed an Anders[1] brief stating there were no meritorious issues for appeal but arguing that this Court incorrectly applied 18 U.S.C. § 924(c)(1)(A) to sentence Petitioner because he was already subject to the higher 120 month mandatory minimum sentence pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(B) for Count One. Petitioner filed a pro se brief reiterating the same issue. On May 21, 2009, the United States Court of Appeals for the Fourth Circuit affirmed, by unpublished opinion, Petitioner's sentence and conviction. United States v. Wheeler, 329 F. App'x 481 (4th Cir. 2009)(unpublished).

On June 29, 2010, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1.) In his Motion to Vacate Petitioner alleges that his counsel was ineffective: (1) for failing to challenge the erroneous use of a prior state conviction as a predicate offense for § 851; (2) for allowing Petitioner to be unconstitutionally sentenced with regard to Count Seven; and (3) for failing to challenge his § 924(c) conviction for lack of a factual basis.

---

[1] Anders v. California, 386 U.S. 738 (1967).

2

## LEGAL ANALYSIS

### I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review establishes that Petitioner is not entitled to any relief on his claims.

### II. INEFFECTIVE ASSISTANCE OF COUNSEL

#### A. Standard of Review

Petitioner's ineffective assistance of counsel claims are governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), cert. denied, 488 U.S. 843 (1988). Claims of ineffective assistance of counsel at sentencing after a guilty plea, however, require a petitioner to establish that a reasonable probability exists that absent the alleged error, the results of the proceeding would have been different. United States v. Mayfield, 320 Fed. App'x 190, 191 (4th Cir. 2009).

**B. § 851 Predicate Offense**

Petitioner alleges that he received ineffective assistance of counsel because his counsel failed to challenge the application of an § 851 enhancement to his case. Petitioner's § 851 Notice listed two prior state court convictions – a 1996 state conviction for possession of cocaine and a 1998 conviction for trafficking in cocaine – as the basis for an enhanced sentence. (Crim. Case No. 3:06cr363: Doc. No. 31.)

Petitioner's claim fails because, at a minimum, he cannot establish that he was prejudiced. At Petitioner's Rule 11 Hearing, his counsel informed the Court that one of those two convictions – Petitioner's 1998 cocaine trafficking conviction – had been vacated. (Crim. Case No. 3:06cr363: Doc. No. 116 at 6.) Petitioner's vacated 1998 cocaine trafficking conviction was not used as a predicate offense. As such, Petitioner's argument with regard to his 1998 prior state conviction is moot.

Petitioner also argues that his 1996 possession of cocaine conviction was erroneously used to enhance his sentence. More specifically, Petitioner alleges that because he received a sentence of six to eight months' imprisonment, it could not qualify as a predicate offense. Petitioner is mistaken. Under 21 U.S.C. § 841(b), a person who violates §§ 841(a) and 841(b)(1)(B) is liable for an enhanced penalty if the violation occurs "after a prior conviction for a felony drug offense has become final." § 841(b)(1)(B). "Felony drug offense" is defined as an "offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country . . . ." 21 U.S.C. § 802(44). Petitioner was convicted of Felony Possession of Cocaine. This offense is a Class I felony. N.C. Gen. Stat. § 90-95(d)(2). According to the North Carolina Structured Sentencing Act, the maximum sentence that can be imposed for a Class I felony is 15 months. N.C. Gen. Stat. § 15A-1340.17. Consequently, Petitioner's 1996 Felony Possession of Cocaine conviction is a felony drug offense for § 841(b)(1)(B) purposes. The fact that Petitioner received a sentence of 6 to 8 months is immaterial – his offense was punishable by imprisonment for more than a year. United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005) (noting that a court must consider the maximum sentence that could be imposed for the crime and not the sentence actually imposed); accord United States v. Simmons, ___ F.3d ___, 2011 WL 546425, at *5 (4th Cir. Feb. 16, 2011) ("As we concluded in Harp, the statute requires us to examine whether the statutory offense, not the particular defendant's conduct, is 'punishable' by more than one year of imprisonment. To do so, we look to the maximum aggravated sentence that could be imposed upon a defendant with the worst criminal history category for that offense in order to define how that offense is 'punishable .'"). Therefore, any challenge made by Petitioner's counsel would have failed, and Petitioner cannot establish that he was prejudiced.

**C. Felony Possession of a Firearm by a Felon**

Petitioner also alleges that his counsel was ineffective for allowing him to enter a guilty plea to Count Seven of the Superceding Indictment. More specifically, Petitioner alleges that he could not be guilty of violating 18 U.S.C. § 922(g) because the prior convictions[2] listed to qualify him as a felon were not proper predicate offenses.

Again, Petitioner cannot establish that he was prejudiced, because any challenge on this basis would have failed. One of the predicate convictions listed in Count Seven was Petitioner's 1999 state Felony Possession of a Firearm by a Felon, which is a Class G felony. See N.C. Gen. Stat. § 14-415.1. This conviction was punishable by up to 38 months' imprisonment[3] and therefore qualifies as a predicate conviction for § 922(g) purposes. See 18 U.S.C. §§ 922(g) and 921(a)(20). Because at least one of the convictions listed in Count Seven qualifies as a predicate conviction for § 922(g) purposes, Petitioner's counsel was not ineffective for failing to challenge Petitioner's § 922(g) conviction on this basis.

**D. § 924(c) Conviction**

Petitioner also alleges that counsel was ineffective[4] for allowing him to plead guilty to an 18 U.S.C. § 924(c) violation. Petitioner asserts that the factual basis, as set forth in the pre-sentence report, does not support a conviction under § 924(c).

---

[2] Count Seven of the Superceding Indictment listed three possible prior felonies to support a § 922(g) conviction.

[3] N.C. Gen. Stat. § 15A-1340.17.

[4] To the extent Petitioner intended to raise this claim outside the context of ineffective assistance of counsel, such claim would be procedurally defaulted as he did not raise this issue on appeal. Claims that could have been raised on appeal, but were not, are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not be allowed to do service for an appeal).

The presentence report sets forth that, as officers were executing a search warrant based upon information that Petitioner was selling cocaine from the address to be searched, Petitioner jumped out a window. (Doc. No. 2-3 at ¶ 6). Officers proceeded to locate a .45 caliber pistol under the pillow on Petitioner's bed and a safe in the bedroom containing a .32 caliber revolver, $ 1,679.00 in cash, 42.18 grams of cocaine, and 4.93 grams of cocaine base. (Doc. No. 2-3 at ¶ 6). Officers also found drug paraphernalia including digital scales. (Doc. No. 2-3 at ¶ 6). Such facts are sufficient to establish a factual basis for a § 924(c) charge. See United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (setting forth various ways a defendant engaged in drug trafficking may use his possession of a firearm to advance his drug trafficking); see also United States v. Milbourne, 129 F. App'x 861, 868-69 (4th Cir. 2005) (reasonable juror could find § 924(c) violation where gun discovered during execution of search warrant was located between mattress and box spring across from closet containing drugs); United States v. Stevens, 380 F.3d 1021, 1027 (7th Cir. 2004) (evidence sufficient to support § 924(c) conviction where firearms were found in same bedroom with drugs and drug paraphernalia, guns were easily accessible, one firearm was loaded and had a round chambered, and extra bullets were found in the same drawer). The undisputed facts are sufficient to support Petitioner's admission under oath that he possessed the firearms in furtherance of a drug trafficking offense, and his counsel was not ineffective for "allowing" Petitioner to plead guilty to the § 924(c) charge.

## **CONCLUSION**

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner has failed to establish that he is entitled to relief under 28 U.S.C. § 2255. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to dismiss the instant Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED**; and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

**SO ORDERED.**

Signed: March 16, 2011

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge